**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0451-18T2

JOHN DECHIARA,

    Plaintiff-Respondent/
    Cross-Appellant,

v.

STEPHANIE KLAAR DECHIARA,

    Defendant-Appellant/
    Cross-Respondent.

_____

          Argued November 9, 2020 – Decided  December 3, 2020

          Before Judges Rothstadt and Mayer.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-0653-12.

          Stephanie Klaar DeChiara, appellant/cross-respondent, argued the cause pro se (Douglas J. Kinz, on the brief).

          Coulter K. Richardson argued the cause for respondent/cross-appellant (Richardson & Richardson, attorneys; Katherine F. Richardson and Coulter K. Richardson, of counsel and on the brief).

PER CURIAM

In this post-judgment matrimonial matter, defendant Stephanie Klaar DeChiara appeals from a May 21, 2018 order reducing the amount of alimony to be paid by plaintiff John DeChiara. Plaintiff cross-appeals from that same order, contending the judge's imputation of income and determination that his income would rebound after one year was erroneous. In addition, plaintiff cross-appeals from the denial of his request for attorney's fees. We affirm.

Plaintiff and defendant married on August 17, 1991. They divorced on October 3, 2013. A signed property settlement agreement (PSA) was incorporated into the parties' final judgment of divorce.

In June 2016, plaintiff filed a motion to reduce his alimony and child support obligations based on changed circumstances. The parties attended a post-judgment early settlement panel and mediation to resolve the issues but were unsuccessful in reaching an agreement. As a result, Judge Michael Paul Wright scheduled a plenary hearing.

After conducting a plenary hearing, spanning seven days during which plaintiff and defendant testified at length, Judge Wright rendered an oral decision, setting forth his findings of fact and conclusions of law based on the documentary evidence and testimony of the parties. Applying and analyzing the factors enumerated in N.J.S.A. 2A:34-23(k), Judge Wright determined plaintiff demonstrated sufficient changed circumstances, warranting a downward

modification of his alimony obligation. The judge found "plaintiff's loss of income [was] due to a change in the company's management, and that the owner/employer relationship no longer [drove] the income earned, and where the plaintiff ha[d] lost that employment, and where the plaintiff ha[d] reasonably secured new income at a lower rate."

However, the judge also concluded that plaintiff stopped his search for new employment in April 2016, after plaintiff "found employment at a lesser income," and failed to continue searching for employment that paid a salary comparable to his former job. Judge Wright found "it was . . . incumbent upon the [plaintiff] to continue to seek employment at an increased income equal to that previously earned and utilized to base the [PSA]." The judge stated, "plaintiff must seek, not only new employment haphazardly, but must set himself up, create a situation where his skill set is more than it has been, license, certifications, training, whatever is necessary to become conversant in the new technologies which will hopefully allow him to earn his former income." Based on the evidence and testimony adduced at the plenary hearing, Judge Wright held, "[i]t would appear that plaintiff's income may well be back or headed back to the levels utilized to fashion the PSA." Because plaintiff demonstrated four to five years "where [his] income was substantially reduced," the judge found a one year "temporary downward modification [was] appropriate."

Regarding the denial of plaintiff's request for attorney's fees, the judge reviewed the factors for awarding counsel fees and found "both parties' positions were very reasonable. Neither party . . . achieved a global victory. Both parties . . . fared as well as the facts would allow."

Having reviewed the record, we affirm substantially for the reasons set forth in the comprehensive oral decision rendered by Judge Wright. We add the following brief comments.

Our scope of review of the Family Part judge's order is limited. "The modification of alimony is best left to the sound discretion of the trial court." Innes v. Innes, 117 N.J. 496, 504 (1990). Because family courts exercise "special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Cesare v. Cesare, 154 N.J. 394, 413 (1998). We will not disturb a Family Part judge's decision on support obligations "unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or other evidence, or the result of whim or caprice." Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012) (quoting Foust v. Glaser, 340 N.J. Super. 312, 316 (App. Div. 2001)). "A reviewing court should uphold the factual findings undergirding a trial court's decision if they are supported by adequate, substantial and credible evidence on the record." MacKinnon v.

A-0451-18T2

MacKinnon, 191 N.J. 240, 253-54 (2007) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)).

We "'should not disturb the factual findings and legal conclusions of the trial judge unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice' or when we determine the court has palpably abused its discretion." Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (quoting Cesare, 154 N.J. at 412). We will only reverse the judge's decision when it is necessary to "'ensure that there is not a denial of justice' because the family court's 'conclusions are [] "clearly mistaken" or "wide of the mark."'" Id. at 47 (quoting N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008) (alteration in original)).

Alimony "may be revised and altered by the court from time to time as circumstances may require." N.J.S.A. 2A:34-23. To warrant such a modification, a party must demonstrate "changed circumstances." Lepis v. Lepis, 83 N.J. 139, 150 (1980).

When considering a motion for the modification of a support award, a court applies the same factors as when determining an initial alimony award: "the dependent spouse's needs, that spouse's ability to contribute to the fulfillment of those needs, and the supporting spouse's ability to maintain the

A-0451-18T2

dependent spouse at the former standard." Crews v. Crews, 164 N.J. 11, 33 (2000) (quoting Lepis, 83 N.J. at 152). "In computing alimony, '[i]ncome may be imputed to a party who is voluntarily unemployed or underemployed.'" Gnall v. Gnall, 432 N.J. Super. 128, 158 (App. Div. 2013) (quoting Golian v. Golian, 344 N.J. Super. 377, 341 (App. Div. 2001)). Imputation of income is a "discretionary matter not capable of precise or exact determination but rather requires a trial judge to realistically appraise capacity to earn and job availability." Bermeo v. Bermeo, 457 N.J. Super. 77, 85 (App. Div. 2018) (quoting Gnall, 432 N.J. Super. at 158). The trial court's decision on the imputation of income will not be disturbed unless shown to be a mistaken exercise of discretion. Gnall, 432 N.J. at 158 (citing Robertson v. Robertson, 381 N.J. Super. 199, 206 (App. Div. 2005)).

Based on the testimony and evidence adduced during the multi-day plenary hearing, Judge Wright found plaintiff demonstrated changed circumstances, warranting a temporary modification of his alimony obligation. The judge noted plaintiff took one of the first jobs he was offered and then abandoned searching for a job that provided a similar income as he earned at the time of the PSA. The judge considered plaintiff's employment history and his ability to obtain additional training, certifications, and licenses that would

improve his opportunities to earn income commensurate with his earnings at the time of the JOD.

The judge's statement of reasons for the temporary downward modification of alimony and his imputation of income that plaintiff would earn in the near future is supported by substantial credible evidence in the record. We discern no abuse of discretion in the judge's factual and legal determinations as to the appeal challenging the temporary downward modification of alimony and cross-appeal challenging the imputation of future income to plaintiff.

We next consider whether the judge erred in denying plaintiff's request for attorney's fees. An award of attorney's fees in a matrimonial action rests in the discretion of the Family Part judge. R. 5:3-5(c); Tannen v. Tannen, 416 N.J. Super. 248, 285 (App. Div. 2010) (citing Eaton v. Grau, 368 N.J. Super. 215, 225 (App. Div. 2004)). On appeal, the Family Part judge's decision regarding attorney's fees will be upheld absent a showing of abuse of discretion. Ibid.

In deciding whether to award attorney's fees, the court should consider:

> (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to

enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.

[R. 5:3-5(c).]

Here, Judge Wright explained his reason for rejecting the counsel fee request consistent with these factors. He determined "[a] review of the relevant factors, establishe[d] that both parties' positions were very reasonable." He also explained "[n]either party achieved a global victory" because both parties received less than the full relief requested. In addition, he found the parties were essentially in equivalent financial positions.

With these findings, there is no basis to disturb the judge's denial of plaintiff's request for counsel fees. We also discern no abuse of discretion because the judge did not specifically enumerate every factor in reviewing the request for attorney's fees. See Reese v. Weis, 430 N.J. Super. 552, 585 (App. Div. 2013) (affirming denial of attorney's fees despite the court's failure to address every factor under Rule 5:3-5(c)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0451-18T2